UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-238 (NEB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HADITH YUSUF AHMED,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant HADITH YUSUF AHMED (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter the "United States" or the "Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. The defendant agrees to plead guilty to Count One of the Information, which charges the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. The defendant fully understands the nature and elements of the crimes with which he has been charged.

2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count One of the Information. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1



From at least in or about October 2020 through January 2022, defendant Hadith Yusuf Ahmed knowingly and willfully conspired with others to participate in a fraudulent scheme to obtain and misappropriate millions of dollars in federal child nutrition program funds that were intended as reimbursements for the cost of serving meals to underprivileged children.

Ahmed was an employee of Feeding Our Future. In that role, he was responsible for monitoring and supporting federal child nutrition program sites that were sponsored by Feeding Our Future. Feeding Our Future operated a pay-to-play system that required sites under its sponsorship to kickback a portion of the federal funds received to Feeding Our Future employees. In exchange, Feeding Our Future sponsored sites and submitted their fraudulent claims for federal reimbursement to the Minnesota Department of Education.

Ahmed solicited and accepted kickback payments from a number of sites under the sponsorship of Feeding Our Future. Ahmed created and used a shell company, Mizal Consulting LLC, to receive and conceal the kickback payments. Many of the kickbacks to Ahmed were disguised as "consulting fees" to the defendant's shell company in order to conceal the true nature of the kickback payments and make them appear legitimate. In all, Ahmed solicited and received more than $1 million in bribe and kickback payments from individuals and companies involved in the scheme under the sponsorship of Feeding Our Future.

In addition to soliciting and accepting kickbacks, Ahmed also created a fraudulent federal child nutrition program site. In or about October 2020, Ahmed

created a shell company called Southwest Metro Youth. Ahmed immediately enrolled Southwest Metro Youth in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future. Ahmed claimed that the company was going to be running a site in Eden Prairie, Minnesota.

After enrolling in the Federal Child Nutrition Program, Ahmed and his co-conspirators began submitting fraudulent invoices for reimbursement in which they claimed to be serving meals to 2,000 children a day at Southwest Metro Youth. In support of these fraudulent claims, Ahmed and his co-conspirators prepared and submitted fake paperwork, including fake meal counts and fake invoices purporting to document the purchase of food from a vendor. In reality, these documents were fake and used to cover up the fraud.

In all, Ahmed's company Southwest Metro Youth obtained more than $1.1 million in Federal Child Nutrition Program funds as part of the fraudulent scheme.

3. **Waiver of Indictment.** The defendant waives the right to be charged by Indictment. The defendant agrees to sign a written waiver of this right at the change of plea hearing.

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

5.  **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6.  **Additional Consequences.** The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

7.  **Statutory Penalties.** The defendant understands that Count One of the Information (conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371) is a felony offense that carries the following statutory penalties:

    a.  a maximum of 5 years in prison;

  b.  a supervised release term of not more than 3 years;

  c.  a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

  d.  restitution as agreed to by the parties in this agreement; and

  e.  a mandatory special assessment of $100.

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

  a.  <u>Base Offense Level</u>. The parties agree that the base offense level is 6. U.S.S.G. § 2B1.1(a)(1).

  b.  <u>Specific Offense Characteristics</u>. The parties agree that a 16-level enhancement applies pursuant to Guidelines § 2B1.1(b)(1)(I) because the loss exceed $1.5 million. The parties further agree that a 2-level enhancement applies under Guidelines § 2B1.1(b)(9)(A) because the offense involved a misrepresentation that the defendant was acting on behalf of a charitable or educational organization. The parties agree that a 2-level enhancement applies under Guidelines § 2B1.1(b)(10)(c) because the offense involved sophisticated means. The parties agree that no other specific offense adjustments apply.

  c.  <u>Chapter 3 Adjustments</u>. The parties agree that no Chapter 3 adjustments apply.

  d.  <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend

5

that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. Guidelines Range. If the adjusted offense level is 23, and the criminal history category is I, the Sentencing Guidelines range is 46 to 57 months of imprisonment.

g. Fine Range. If the adjusted offense level is 23, the Sentencing Guidelines fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

9. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be

sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

10. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

13. **Restitution Agreement.** The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. The defendant understands and agrees the Court may order the defendant to make restitution to any victim of the scheme regardless of whether the victim was named in the Indictment. The defendant agrees that he owes restitution in the amount of $1,380,043.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement, agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets, and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or

personal, which constitutes or is derived from proceeds traceable to Count One of the Information, including but not limited to:

    a.    $318,042.11 seized from Wells Fargo account number 3962979872;

    b.    $165,017.21 seized from Wells Fargo account No. 3460138872;

    c.    $20,085.91 seized from Wells Fargo account number 3187389683; and

    d.    $815.89 seized from Wells Fargo account No. 3962979872.

The defendant agrees that this property is forfeitable because it constitutes or is derived from proceeds of the wire fraud conspiracy charged in Count One of the Information.

In addition, the defendant consents to the entry of a money judgment forfeiture in the amount of $1,380,043, which represents the amount of proceeds he obtained from the wire fraud scheme alleged in Count One of the Information. The defendant will be given credit against the forfeiture judgment for the net value of all assets forfeited from him in connection with this case, including the sums described above.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

16. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 57 months of imprisonment, and an appeal by the government of the substantive reasonableness of a term of imprisonment below 46 months of imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

18. **Complete Agreement**. The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 10-13-2022

BY: JOSEPH H. THOMPSON
Assistant United States Attorney

Date: 10/13/2022

HADITH YUSUF AHMED
Defendant

Date: 10/13/22

RICHARD DANSOH
Counsel for Defendant

11